1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID ARNOLD RODRIGUEZ,                    No.  2:19-cv-1108 MCE AC P

12            Plaintiff,

13        v.                                     ORDER

14   N. ALBONICO, et al.,

15            Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18   § 1983, has filed motions in opposition to defendants' request to opt out of the Post-Screening

19   ADR Project (ECF No. 38), seeking appointment of counsel (ECF No. 41), and for leave to serve

20   defense counsel (ECF No. 42).

21        Plaintiff argues that defendants' request to opt out of the Post-Screening ADR Project

22   should be denied because he did not receive it until July 16, 2020, making it untimely.  ECF No.

23   38 at 1-2.  However, defendants' motion was filed on July 9, 2020 (ECF No. 33), which was

24   within the sixty-day deadline set by the court, making the motion timely.  Accordingly, plaintiff's

25   motion will be denied.

26        With respect to plaintiff's motion for counsel, the United States Supreme Court has ruled

27   that district courts lack authority to require counsel to represent indigent prisoners in § 1983

28   cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

                                               1

1    circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

2    U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

3    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

4           "When determining whether 'exceptional circumstances' exist, a court must consider 'the

5    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

6    *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

7    970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

8    of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

9    most prisoners, such as lack of legal education and limited law library access, do not establish

10   exceptional circumstances that would warrant a request for voluntary assistance of counsel.

11          Plaintiff seeks counsel on the grounds that he does not have physical access to the law

12   library due to the lockdown caused by COVID-19.  ECF No. 41 at 1.  He also asserts that counsel

13   is needed to represent him at trial, to cross-examine witnesses, and because his case may require

14   expert testimony.  Id. at 2.  The lockdowns within the prisons due to COVID-19 are being

15   experienced by all prisoners and, therefore, by themselves do not constitute extraordinary

16   circumstances warranting appointment of counsel.  Furthermore, if he needs it, plaintiff is free to

17   request additional time to meet any deadlines because of the lockdowns and his lack of access to

18   the law library.  To the extent plaintiff seeks counsel to assist him at trial and because expert

19   testimony may be needed, it has not yet been determined that this case will proceed to trial or that

20   there will be a need for expert testimony.  The request for counsel will therefore be denied.

21          Finally, plaintiff has filed a motion requesting that he be allowed to serve all documents

22   on defendants' counsel instead of on defendants individually.  Since plaintiff is already required

23   to serve defendants through their counsel, this motion will be denied as moot.  Plaintiff is advised

24   that any communications related to this lawsuit should be directed to defendants' attorney, not to

25   the individual defendants.

26          Accordingly, IT IS HEREBY ORDERED that:

27          1.  Plaintiff's motion for the court to deny defendants' request to opt out of the Post-

28   Screening ADR Project (ECF No. 38) is DENIED.

1        2.   Plaintiff's motion for appointment of counsel (ECF No. 41) is DENIED.

2        3.   Plaintiff's motion for leave to serve defendants' attorney instead of defendants (ECF

3  No. 42) is DENIED as moot.

4  DATED: December 8, 2020

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE