UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARNOLD RODRIGUEZ, | No. 2:19-cv-01108 DJC AC |
| Plaintiff, | |
| v. | ORDER |
| N. ALBONICO, et al., | |
| Defendants. | |

This case is set for trial on October 28, 2024. Presently before the Court is Defendants motion for leave to take the deposition of a witness. (ECF No. 138.) Plaintiff has also filed a request for training in using the Court's Audio Visual Equipment. (ECF No. 137.)

**DEFENDANTS' MOTION**

Defendants request that the court grant leave to obtain a deposition of their witness, Dr. B. Lehil. Defendants indicate they intended to call Dr. Lehil as a live witness but that they learned on October 7, 2024, that he will be out of the country on vacation during the trial. (ECF No. 138-1 at 1.) They now wish to depose Dr. Lehil on October 16, 2024, so that the deposition transcript may be used at trial. While Plaintiff has not yet filed a formal opposition, Defendants indicate in their motion that Plaintiff opposes the request. (*Id.* at 2.)

1

Defendants motion is denied.  Plaintiff, a pro se inmate, would face serious prejudice in being forced to attend the deposition of Dr. Lehil and cross examine him on short notice, 10 days before trial is set to begin.  Moreover, while the trial date of this case was previously vacated and reset, the present trial date was scheduled on May 30, 2024.  It has remained on calendar since that date.  Defendants indicate that they only learned of Dr. Lehil's unavailability on October 7, 2024.  If Dr. Lehil's unavailability for the new trial date were ascertained at an earlier time remedies such as late deposition of Dr. Lehil might be reasonable.[1]  In the present state of the case, Defendants' request would prejudice the Plaintiff based on the Defendants' lack of diligence in ensuring the availability of their witness, especially one that Defendants claim is "a necessary and material witness for this trial." (ECF No. 138-1 at 2.)

Accordingly, Defendants' Motion (ECF No. 138) is DENIED.

**PLAINTIFF'S REQUEST**

Plaintiff requests training on the Court's Audio Visual Equipment for usage at trial.  (ECF No. 137.)  The Court will instead request that the Attorney General's Office assist Plaintiff with displaying any exhibits to the jury that the Plaintiff requests.

Additionally, Plaintiff requests to send clothes to the Court for trial.  At this point in time, the Court will deny Plaintiff's request to have separate clothing for trial, subject to reconsideration based on the results of the shackling hearing, which shall be conducted at the Final Status Conference on October 23, 2024.

**DATED: October 15, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] The Court here makes no determination that it would, in fact, be reasonable to take a late deposition were Dr. Lehil's unavailability known earlier.  The Court also makes no decision regarding whether such a deposition would be admissible at trial under Federal Rule of Civil Procedure 32.