1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID ARNOLD RODRIGUEZ,                    No. 2:19-cv-01108-DJC-AC

12                     Plaintiff,

13    v.                                          ORDER

14    N. ALBONICO,

15                     Defendants.

16

17          This section 1983 action previously proceeded to trial based on Plaintiff David

18    Arnold Rodriguez's claims against Defendants N. Albonico, J. Jackson, and Kyle

19    Loftin.  Plaintiff claimed that Defendants violated his Eighth Amendment rights

20    through the use of excessive force and deliberate indifference to Plaintiff's safety and

21    serious medical needs.  At the conclusion of trial, the Jury found Defendants not liable

22    for any of Plaintiff's claims.  Plaintiff has filed a Motion for New Trial under Federal Rule

23    of Civil Procedure 59.  (ECF No. 158.)

24          For the reasons stated below, Plaintiff's Motion for New Trial is denied.

25                                    **BACKGROUND**

26          The full facts and history of this case are well known to the Court and parties.

27    In short, Plaintiff proceeded to trial on claims that during a disciplinary hearing before

28    Defendant Albonico, Defendant Loftin dug his fingers into Plaintiff's shoulder.  Plaintiff

also claimed that following the disciplinary hearing, he had been body slammed by Defendants Loftin and Jackson, resulting in head and neck injuries, and that Defendants failed to get Plaintiff medical assistance in a timely manner.  Defendants denied these claims.

Trial began on October 28, 2024, and lasted three days.  (ECF Nos. 145, 147, 151.)  Jury deliberations began and concluded on the third day of trial, with the jury returning a verdict in favor of Defendants.  (ECF Nos. 149, 151.)  Plaintiff has now filed a Motion for New Trial under Federal Rule of Civil Procedure 59, which is fully briefed.  (Mot. (ECF No. 158); Opp'n (ECF No. 169); Reply (ECF No. 175).)

**LEGAL STANDARD**

Rule 59(a) partially provides that after a jury trial, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]"  *See also Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003) (internal citations and quotations removed).  "Historically recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

**DISCUSSION**

In his Motion, Plaintiff argues that a new trial should be granted because he was denied a fair and impartial jury because "[the] Jury consisted of 8 jurors and out of these jurors 6 were white and middle aged . . . ."  (Mot. at 2.)  Plaintiff contends that "the make up of the Jury did not represent a cross section of the community in which the Court is situated . . . ."  (*Id.*)  The Jury Selection and Service Act requires that objections to jury composition in civil cases be brought within seven days after the plaintiff discovered or could have discovered the error.  28 U.S.C. § 1867(c).  Plaintiff's objection here was not raised until over a month after the conclusion of trial.  Moreover, even if Plaintiff had objected within the appropriate time, a party "may

2

1    not . . . challenge the makeup of a jury merely because no members of his race are on

2    the jury." *Gordon v. Duran*, 895 F.2d 610, 615 (9th Cir. 1990) (quoting *Apodaca v.*

3    *Oregon*, 406 U.S. 404, 413 (1972)); *see also Gray v. Clark*, No. 23-15331, 2024 WL

4    4784530, at *1 (9th Cir. Nov. 14, 2024) (citing *Gordan* in connection with jury selection

5    in an action under section 1983). As Plaintiff does not make any showing that

6    members of his race were excluded from the jury, his challenge regarding jury

7    composition fails, even if it was timely. As such, a new trial is not warranted on this

8    basis.

9        Plaintiff also raises claims that he has been subject to a "food doping program"

10    which prison officials "intensified and syncronized [sic] with the timing of pretrial

11    proceeding." (Mot. at 2.) These claims are unsupported by any evidence beyond

12    Plaintiff's own statements regarding this alleged food doping program made in

13    declarations and health care services request forms. These do not serve as sufficient

14    evidence to support Plaintiff's claim and thus this does not serve as a basis for a new

15    trial.

16        Plaintiff asserts that he suffered "a major setback in this litigation" as "[his] tablet

17    does not have an application for the Ninth Circuit Model Civil Jury Instructions" and

18    that he was thus unable to provide proposed instructions. (Mot at 2.) During trial, the

19    Court made every effort to provide Plaintiff with copies of the proposed jury

20    instructions, which were almost entirely taken from the Ninth Circuit Model Civil Jury

21    Instructions. Plaintiff was given time to review these instructions and raise any

22    concerns or objections he had regarding their content. Plaintiff does not raise any

23    complaint as to any specific jury instructions, but simply that he had difficulty

24    procuring jury instructions because his tablet did not have an application from which

25    he could access the model instructions. This does not constitute grounds for a new

26    trial.

27        In responding to Defendants' Opposition to his Motion, Plaintiff raises an

28    additional argument that was not raised in his Motion. Specifically, Plaintiff contends

1  that evidence of a "CT cat scan" was improperly excluded.  The Court excluded the

2  2023 imaging report because the incident in question occurred in 2015, and Plaintiff

3  was unable to establish the relevance of medical records created eight years after the

4  incident in question.  (*See* 10/28/24 Trial Tr. (ECF No. 168) at 158:10–161:14, 171:15–

5  24.)  Plaintiff now vaguely states that these records are "relevant evidence to other

6  evidence" and notes his 2015 medical records.  This is insufficient to establish that the

7  2023 medical records were relevant and should have been admitted into evidence.

8  As such, the Court denies any request for new trial on this basis.

9                                   **CONCLUSION**

10         For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for

11  New Trial (ECF No. 158) is DENIED.

12         Plaintiff has also filed a Motion to Proceed In Forma Pauperis.  (ECF No. 173)

13  As Plaintiff was previously granted In Forma Pauperis status (*see* ECF No. 23) and this

14  case is closed, Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 173) is

15  DENIED AS MOOT.

16

17         IT IS SO ORDERED.

18  Dated:   **October 9, 2025**                    *Daniel J. Calabretta*

19                                                  Hon. Daniel J. Calabretta
                                                    UNITED STATES DISTRICT JUDGE